(83 App. Div. 193.)

SANDERS v. CARLEY et al.

(Supreme Court, Appellate Division, Second Department.   May 28, 1903.)

1. TAXATION—LANDS OF RESIDENTS AND NONRESIDENTS.
    Under the express provisions of Laws 1885, p. 712, c. 411, §§ 2, 3, 5,
    lands of resident and nonresident owners in towns within counties hav-
    ing a population of over 300,000 may be assessed together.

2. DESIGNATION OF OWNERSHIP—SURPLUSAGE.
    Under Laws 1885, p. 712, c. 411, § 3, providing that in towns within
    counties having a population of more than 300,000 no assessment shall
    be invalid because the name of the owner of the land is omitted or in-
    correctly stated, an assessment is not invalid because "Estate G. P. G."
    is designated as owner; such designation being surplusage.

Appeal from Trial Term, Kings County.

Action by Joshua C. Sanders against William H. Carley and an-
other.   From a judgment for plaintiff for a part of his demand, he
appeals.   Affirmed.

The following is the opinion of GARRETSON, J., at Trial Term:

"When the plaintiff rested, he had by competent proof shown the legal
title in fee to be vested in him, and, therefore, the legal right to possession
of the premises in question.   Defendant Rourke undertook to establish a
superior title and possessory right by the introduction of several deeds from
the comptroller of the state, made upon sales for unpaid taxes.   By rebut-
ting proof the plaintiff has satisfactorily shown that the sales upon which
these tax deeds were founded, and which they were executed and delivered
to effectuate, were illegal and void, with the exception of the sale of 1895 for
unpaid taxes prior to the year 1890, the deed upon which sale is dated March
8, 1899, made by the comptroller to the defendant Rourke and recorded in
the register's office of Kings county, in Liber 8, page 179, of Conveyances,
in section 18, March 22, 1899.   It appears from the comptroller's certificate
of search in evidence that this sale was had for unpaid taxes of the year
1888 and 1889.   The plaintiff's attack upon the validity of this sale was
confined to proof relative to the manner in which the town assessors made
up the assessment roll for the year 1888, and upon the ground that it ap-
peared from the assessment roll that the premises were assessed to 'Estate
George P. Gordon,' as owner, and that the lands of resident and nonresident
were assessed together, and not separately.

"It is clear that the lands were nonresidents' lands, and under the Revised
Statutes (2 Rev. St. [8th Ed.] pp. 1096, 1097, §§ 9, 11, 12) this form of assess-
ment would be an irregularity equally fatal to the validity of the sale as were
those which operated to defeat the defendant Rourke's claim of title under
the deed above referred to.   But in the year 1885 the Legislature passed an
act (chapter 411, p. 712, Laws 1885) relative to the assessment and collection
of taxes, etc., in towns within counties containing upwards of 300,000 inhab-
itants which prescribed a mode of assessment essentially different from that
contained in the Revised Statutes, and which applied to the county of Kings
and to the town of New Utrecht, in which town the premises in question
were situated.   Hagner v. Hall, 10 App. Div. 581, 42 N. Y. Supp. 63; Id.,
159 N. Y. 552, 54 N. E. 1092.   By the terms of this act it was lawful, in
making the assessment for the purposes of taxation, in the year 1888, for
the assessors of the town of New Utrecht to assess the lands of resident and
nonresident owners together.   The tax was deemed to be assessed upon the
land exclusively, and not upon the owners or occupants or other persons.
It was not made invalid because the name of the owner of the lands might
be omitted or incorrectly stated in the roll.   Sections 2, 3, 5; and see sec-
tions 6, 7, 8, 9, 10, 19.   The assessment of 1888 was, therefore, not invalid
because the premises were not assessed separately.   Neither was its validity
affected because the designation 'Estate George P. Gordon' was entered

thereon as owner. Such designation is neither the name of a person nor of a corporation. It may be regarded as surplusage. Collins v. Long Island City, 132 N. Y. 321, 30 N. E. 835.

"The defendant Rourke is therefore entitled to the benefit of the presumption of regularity as to all proceedings precedent to the delivery of this deed to her. Section 11, c. 711, p. 1768, Laws 1893, as amended by chapter 895, p. 723, Laws 1895. See Statutory Construction Law, § 34. It follows that the defendant Rourke has shown a stronger title than the plaintiff. However, not as to the whole of the premises. It must be inferred that the comptroller was able to satisfy the taxes, interest, and charges, which were a lien on the premises, without selling the whole thereof, as he might do (Id. § 3); for, as appears by the deed, he has sold and specifically conveyed only eight-tenths part thereof in square feet, to be laid out in the form of a parallelogram, as near as may be, across the southerly end of the lot. As to the remaining two-tenths, the plaintiff has shown the better title, and should have judgment for the possession thereof.

"The defendant Carley's interest as tenant is subordinate to that of the defendant Rourke, and dependent thereon. A decision and judgment must be prepared and submitted accordingly, and settled before me upon three days' notice."

The plaintiff secured a reargument and rehearing of the questions involved, and the court, having reconsidered the same, on March 27, 1902, filed the following opinion on rehearing:

"I have carefully examined and considered the briefs of counsel submitted upon the rehearing, and remain of the opinion that the assessment for the purpose of taxation in the year 1888 is in substantial compliance with chapter 411, p. 712, of the Laws of 1885, and is unaffected by jurisdictional infirmities. There remains, therefore, nothing to be added to what was written at the time of the determination made upon the original submission, and a proposed decision and judgment should be presented for settlement in accordance with the conclusion reached thereon."

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Joseph H. Mahan, for appellant.
Stephen M. Hoye and Edward L. Somerville, for respondents.

PER CURIAM. Judgment affirmed, without costs to either party, on the opinion of GARRETSON, J., at Trial Term.

---

(85 App. Div. 166.)

PEOPLE v. SLAUSON.

(Supreme Court, Appellate Division, Third Department. June 30, 1903.)

1. CRIMINAL LAW—INSTRUCTIONS—CHARACTER OF ACCUSED.
    In a criminal trial, in which accused introduced no evidence of good character, a charge that character is always in issue in a trial for a criminal offense, and a refusal to charge that character was not an issue, was error.
2. SAME.
    Such error was not cured by subsequent remarks to the effect that the jury might, in the absence of evidence as to character, presume that the character of accused had been good.
        Chester, J., dissenting.

Appeal from Trial Term, Albany County.